# EXHIBIT "A"

NYSCEF DOC. NO. 1

CI2025-27847

**Index # : EF2025-1121**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF TOMPKINS

------------------------------------------------------------------X

NATHAN BROSHEARS,

                                                Plaintiff,

                      -against-

PERMOBIL, INC., and MAX MOBILITY, LLC,
UNITED SEATING AND MOBILITY d/b/a
NUMOTION, INC,

                                   Defendants.

------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates
County of Tompkins

The basis of venue is:
Residence and occurrence

The location of plaintiff's residence
and the place from which the cause
of action arose was at
9523 Kingtown Road,
Trumansburg, NY 14886

**To the above-named defendants:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answers, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          December 30, 2025

                                   Yours, etc.,

                                   **By: Moses Ahn, Esq.**
                                   **MORGAN & MORGAN NY PLLC**
                                   *Attorneys for Plaintiff*
                                   **199 Water Street, Suite 1500**
                                   **New York, New York 10038**
                                   **TEL: (201) 209-3425**
                                   **FAX: (201) 209-3475**

                     [Continued on following page]

Case 3:26-cv-00183-ECC-MJK    Document 1-1    Filed 02/03/26    Page 3 of 16

INDEX NO. EF2025-1121

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 12/30/2025

CI2025-27847

Index #: EF2025-1121

**Defendants' Addresses:**

**UNITED SEATING AND MOBILITY, L.L.C. d/b/a NUMOTION, INC.**
c/o CT Corporate System
28 Liberty Street
New York, New York 10005

**PERMOBIL, INC.**
300 Duke Drive
Lebanon, Tennessee 37090

**MAX MOBILITY, LLC.**
Via Secretary of State
80 State Street
Albany, New York 12207

Case 3:26-cv-00183-ECC-MJK   Document 1-1   Filed 02/03/26   Page 4 of 16

CI2025-27847

Index #: EF2025-1121

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF TOMPKINS**
------------------------------------------------------------------X
NATHAN BROSHEARS,                                    Index No.:

                                    Plaintiff,

                                                     **VERIFIED COMPLAINT**

             -against-

PERMOBIL, INC., and MAX MOBILITY, LLC,
UNITED SEATING AND MOBILITY d/b/a
NUMOTION, INC,

                                    Defendants.
------------------------------------------------------------------X

The plaintiff, **NATHAN BROSHEARS**, by his attorneys, **MORGAN & MORGAN NY PLLC**, complaining of the defendants, alleges, upon information and belief, the following:

**THE PARTIES**

**PLAINTIFF, NATHAN BROSHEARS**

1.      That plaintiff, **NATHAN BROSHEARS**, resides in the County of Tompkins, and State of New York.

2.      That the accident complained of herein occurred in the County of Tompkins and State of New York.

**DEFENDANT, PERMOBIL, INC.**

3.      That at all times hereinafter mentioned, defendant, **PERMOBIL, INC.,** (hereinafter **"PERMOBIL"**), was a foreign corporation licensed to do business in the State of New York and doing business in the State of New York.

4.      That at all times hereinafter mentioned, defendant, **PERMOBIL**, was a domestic corporation licensed to do business in the State of New York and doing business in the State of New York.

5. That defendant, **PERMOBIL**, is authorized to, and does conduct business in the State of New York.

6. That defendant, **PERMOBIL**, derives substantial income from doing business in the State of New York and is subject to the jurisdiction of New York State Courts.

7. That defendant, **PERMOBIL**, is designer, manufacturer, supplier and distributor of a certain SmartDrive MX2+ and PushTracker E2, SN244519 (hereinafter "subject wheelchair device"), provided to plaintiff.

8. That defendant, **PERMOBIL**, designed, manufactured, sold and supplied the subject wheelchair device in question and its components and parts within the State of New York and as such is subject to a claim of strict product liability, negligence, and Breach of Warranty in the State of New York.

## DEFENDANT, MAX MOBILITY, LLC

9. That at all times hereinafter mentioned, defendant, **MAX MOBILITY, LLC** (hereinafter **"MAX MOBILITY"**), was a foreign corporation licensed to do business in the State of New York and doing business in the State of New York.

10. That at all times hereinafter mentioned, defendant, **MAX MOBILITY**, was a domestic corporation licensed to do business in the State of New York and doing business in the State of New York.

11. That defendant, **MAX MOBILITY**, is a subsidiary of defendant, **PERMOBIL**.

12. That defendant, **MAX MOBILITY**, is authorized to, and does conduct business in the State of New York.

13. That defendant, **MAX MOBILITY**, derives substantial income from doing business in the State of New York and is subject to the jurisdiction of New York State Courts.

CI2025-27847

14. That defendant, **MAX MOBILITY**, is designer, manufacturer, supplier and distributor of the subject wheelchair device, provided to plaintiff.

15. That defendant, **MAX MOBILITY**, designed, manufactured, sold and supplied the subject wheelchair device in question and its components and parts within the State of New York and as such is subject to a claim of strict product liability, negligence, and Breach of Warranty in the State of New York.

### DEFENDANT, UNITED SEATING AND MOBILITY d/b/a NUMOTION

16. That at all times hereinafter mentioned, defendant, **UNITED SEATING AND MOBILITY d/b/a NUMOTION, INC.** (hereinafter **"NUMOTION"**), was a foreign corporation licensed to do business in the State of New York and doing business in the State of New York.

17. That at all times hereinafter mentioned, defendant, **NUMOTION**, was a domestic corporation licensed to do business in the State of New York and doing business in the State of New York.

18. That defendant, **NUMOTION**, is authorized to, and does conduct business in the State of New York.

19. That defendant, **NUMOTION**, maintains offices in the State of New York for the purpose of conducting business in New York State, including an office at 6724 Thompson Road, Suite 2, Syracuse, New York.

20. That defendant, **NUMOTION**, derives substantial income from doing business in the State of New York and is subject to the jurisdiction of New York State Courts.

FILED: TOMPKINS COUNTY CLERK 12/30/2025 10:11 AM
NYSCEF DOC. NO. 1

Case 3:26-cv-00183-ECC-MJK    Document 1-1    Filed 02/03/26    Page 7 of 16

INDEX NO. EF2025-1121
RECEIVED NYSCEF: 12/30/2025

CI2025-27847

Index #: EF2025-1121

21.    That defendant, **NUMOTION**, serviced, maintained, and repaired the subject wheelchair device at the time of and prior to June 19, 2023, and failed to do so properly or adequately and as such caused plaintiff's injuries.

22.    That defendant, **NUMOTION**, is subject to a claim of negligence in the State of New York.

### JUNE 19, 2023 INCIDENT

23.    Plaintiff repeats and re-alleges each of the foregoing allegations as set forth herein fully.

24.    That prior to June 19, 2023, defendant, **NUMOTION**, arranged for and supplied to plaintiff the subject wheelchair device to plaintiff, as pictured herein:

FILED: TOMPKINS COUNTY CLERK 12/30/2025 10:11 AM    INDEX NO. EF2025-1121
NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 12/30/2025

CI2025-27847                                                        Index #: EF2025-1121



25.    That, upon information and belief, defendant, **NUMOTION**, was in turn supplied with that wheelchair device from defendants, **PERMOBIL** and **MAX MOBILITY**, in the regular chain of commerce and regular course of each company's businesses.

26.    That defendant, **NUMOTION**, was aware of plaintiff's limitations and conditions, which required the subject wheelchair device and represented that the subject

FILED: TOMPKINS COUNTY CLERK 12/30/2025 10:11 AM
NYSCEF DOC. NO. 1
INDEX NO. EF2025-1121
RECEIVED NYSCEF: 12/30/2025
CI2025-27847
Index #: EF2025-1121

wheelchair device in question was fit for plaintiff's use and arranged for said subject wheelchair device to be supplied to plaintiff for his use.

27. That prior to the date of loss in question, the subject wheelchair device was the subject of a system-wide recall, which defendant, **NUMOTION**, was, or should have been aware of, for a period of time prior to the subject incident date, but did not issue sufficient notice or warning to plaintiff prior to the incident.

28. That defendant, **NUMOTION**, as a complex rehab technology (CRT) servicer and provider, had a duty to the plaintiff to make sure that the subject wheelchair device was fit for plaintiff's use and was maintained and/or repaired properly by persons or entities defendant, **NUMOTION**, retained for that purpose.

29. That the subject wheelchair device and its components and parts, which defendant, **PERMOBIL** and **MAX MOBILITY**, manufactured and defendant, **NUMOTION**, provided, were defectively designed and manufactured so as to cause a malfunction and failure of a critical component of the subject wheelchair device on the date of loss in question, which resulted in severe and significant injuries to plaintiff.

30. That the subject wheelchair device defendant, **PERMOBIL** and **MAX MOBILITY**, designed, manufactured, distributed, sold, leased and/or provided to defendant **NUMOTION** was not properly maintained or repaired by defendant, **NUMOTION's**, representatives, agents and/or assignees, prior to and including within several months prior to the date of loss, so as to fail to properly service, repair or replace a defective part on said subject wheelchair device which subsequently caused the June 19, 2023 incident, which resulted in a catastrophic injury to plaintiff.

NYSCEF DOC. NO. 1

CI2025-27847

INDEX NO. EF2025-1121

RECEIVED NYSCEF: 12/30/2025

Index #: EF2025-1121

31.    That on June 19, 2023, plaintiff, while operating his wheelchair in conjunction with the subject wheelchair device, attempted to stop the subject wheelchair device through the provided PushTracker E2 watch, when the subject wheelchair device stopped responding to stop commands and proceeded to drive plaintiff's wheelchair into an embankment on the side of the driveway, resulting in a fractured femur and dislocated knee, requiring significant surgical intervention.

32.    That subsequent to the incident, a service technician employee and representative at the time of defendant, **NUMOTION**, reported to plaintiff that a recall had been issued and that defendant, **NUMOTION**, should have notified plaintiff prior to his accident.

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS PERMOBIL and MAX MOBILITY (STRICT PRODCUT LIABLITY)

33.    The plaintiffs repeat, reiterate and reallege each and every allegations the same force and effect as though set forth at length herein.

34.    That on or about June 19, 2023, defendants, **PERMOBIL** and **MAX MOBILITY**, designed, manufactured, sold and licensed the subject wheelchair device, as well as its parts and components, which were eventually sold or made available to plaintiff.

35.    That prior to June 19, 2023, defendants, **PERMOBIL** and **MAX MOBILITY**, sold, distributed and/or otherwise made available to plaintiff, the subject wheelchair device.

36.    That on or about on June 19, 2023, plaintiff was using the subject wheelchair device provided to him by defendants, **PERMOBIL** and **MAX MOBILITY**, in a manner in which said subject wheelchair device was intended to be used and within the anticipated uses of said wheelchair when he was seriously and permanently injured as a result of a failure and malfunction of a critical component of subject wheelchair device, which was caused by the

Case 3:26-cv-00183-ECC-MJK   Document 1-1   Filed 02/03/26   Page 11 of 16

negligence, recklessness and carelessness of defendants, **PERMOBIL** and **MAX MOBILITY** in the design, manufacturing, distribution, sale, leasing or servicing said wheelchair.

37.     That prior to June 19, 2023, defendants, **PERMOBIL** and **MAX MOBILITY** did not provide to the plaintiff any warnings as to any defects in said subject wheelchair device so as to allow the plaintiff to prepare for any consequences of said defects.

38.     That as a result of the foregoing, defendants, **PERMOBIL** and **MAX MOBILITY**, as a manufacturer, distributor, retailer and/or maker of said subject wheelchair device are jointly and severally strictly liable to the plaintiff and plaintiff's injuries and any related damages.

39.     That the plaintiff has been damaged in an amount or degree that is above the jurisdiction of any lower court.

### AS AND FOR THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS, PERMOBIL, MAX MOBILITY, and NUMOTION (NEGLIGENCE)

40.     The plaintiffs repeat, reiterate and reallege each and every allegations the same force and effect as though set forth at length herein.

41.     That prior to June 19, 2023, defendants, **PERMOBIL** and **MAX MOBILITY**, retained defendant, **NUMOTION**, to maintain, repair and service the subject wheelchair device.

42.     That prior to June 19, 2023, defendants, **PERMOBIL** and **MAX MOBILITY**, failed to properly monitor, oversee, or supervise, its servicers, such as defendant, **NUMOTION**, and/or did so in a negligent, reckless and careless manner.

43.     That prior to June 19, 2023, defendants, **PERMOBIL** and **MAX MOBILITY**, failed to properly train, instruct, or otherwise inform, its servicers, such a defendant,

Case 3:26-cv-00183-FCC-MJK    Document 1-1    Filed 02/03/26    Page 12 of 16

CI2025-27847                                                        Index #: EF2025-1121

**NUMOTION**, of the need to inspect or otherwise test, the subject wheelchair device on a regular basis.

44.     That defendant, **NUMOTION**, failed to properly maintain, service and repair said wheelchair and/or did so in a negligent, reckless and careless manner.

45.     That defendant, **NUMOTION**, failed to retain properly trained, competent, repair service entities and that said failure caused the alleged incident.

46.     That defendant, **NUMOTION's**, failure, incompetence, and lack of training, coupled with the defective design and failure of the subject wheelchair device and critical components of said device, caused the subject incident.

47.     That because of the negligence, carelessness and recklessness of the defendants in the design, manufacturing, distribution, sale, repair, maintenance and/or service of the subject wheelchair device in question and its components and parts, plaintiff was caused by suffering significant trauma when his wheelchair device malfunction and caused him to crashing while attempting to maneuver the subject wheelchair device.

48.     That as a result of the negligence of the defendants, plaintiff suffered serious, significant and permanent injuries.

49.     That the negligence, carelessness and recklessness of the defendants is a significant and direct cause of said injuries suffered by plaintiff.

50.     That plaintiff has been damaged in this cause of action in amount that exceeds the jurisdictional limits of any lower court.

FILED: TOMPKINS COUNTY CLERK 12/30/2025 10:11 AM

NYSCEF DOC. NO. 1

CI2025-27847

INDEX NO. EF2025-1121

RECEIVED NYSCEF: 12/30/2025

Index #: EF2025-1121

## AS AND FOR THE THIRD CAUSE OF ACTION AGAINST DEFENDANTS, PERMOBIL and MAX MOBILITY (BREACH OF WARRANTY)

51.     The plaintiffs repeat, reiterate and reallege each and every allegations the same force and effect as though set forth at length herein.

52.     Defendants, **PERMOBIL** and **MAX MOBILITY**, warranted to plaintiff and all users of the product in question, both expressly and impliedly, that the product in question the wheelchair was fit for its particular purpose including the use of the wheelchair in the manner plaintiff used it on the date of loss in question and that their product was merchantable and that the product would function properly as to not be a great danger to plaintiff.

53.     That by the reasons above, the defendants, **PERMOBIL** and **MAX MOBILITY**, breached said warranties and the breached cause or lead to plaintiff injuries and any related damages.

54.     That in this cause of action, plaintiff has been damaged in this cause of action in an amount that exceeds the jurisdictional limits of any lower court.

## AS AND FOR THE FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

55.     The plaintiffs repeat, reiterate and reallege each and every allegations the same force and effect as though set forth at length herein.

56.     That plaintiff's injuries and damages are the result of and directly caused by the cumulative effect of strict product liability, breach of warranty and negligence of all defendants involved in plaintiff's accident.

57.     That if the defendants involved in the incident had not been negligent, careless, and reckless so as to have caused plaintiff's subject wheelchair device to malfunction on that date, he would not have suffered catastrophic injuries resulting therefrom.

NYSCEF DOC. NO. 1

CI2025-27847

**Index #: EF2025-1121**

58.     That in this cause of action, plaintiff has been damaged in this cause of action in an amount that exceeds the jurisdictional limits of any lower court.

**WHEREFORE**, plaintiff, **NATHAN BROSHEARS**, demands judgment against defendants in a sum which exceeds the jurisdictional limits of all lower courts, all together with the interests, costs and disbursements of this action.

Dated: New York, New York
         December 30, 2025

Yours, etc.,

By: **Moses Ahn, Esq.**
**MORGAN & MORGAN NY PLLC**
*Attorneys for Plaintiff*
**199 Water Street, Suite 1500**
**New York, New York 10038**
**TEL: (201) 209-3425**
**FAX: (201) 209-3475**

FILED: TOMPKINS COUNTY CLERK 12/30/2025 10:11 AM
NYSCEF DOC. NO. 1

CI2025-27847

INDEX NO. EF2025-1121
RECEIVED NYSCEF: 12/30/2025

Index #: EF2025-1121

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice law in the Courts of the State of New York, shows:

That deponent is the attorney for the plaintiff in the within action; that deponent has read the foregoing **SUMMONS and VERIFIED COMPLAINT,** and knows the contents thereof. That the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. That deponent further states that the reason for this verification being made by deponent and not by the plaintiff herein is that the plaintiff resides in another county, other than where deponent maintains his office.

The grounds of your deponent's knowledge and information as to all matters not stated upon deponent's knowledge are from files, investigation and information furnished. The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       December 30, 2025

_____
MOSES AHN, ESQ.

FILED: TOMPKINS COUNTY CLERK 01/29/2026 04:35 PM
NYSCEF DOC. NO. 5

INDEX NO. EF2025-1121

RECEIVED NYSCEF: 01/29/2026

CI2026-02367 SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF TOMPKINS

- - - - - - - - - - - - - - - - - - - - - - - x

NATHAN BROSHEARS,                                       Index No. EF2025-1121

       Plaintiff

   v.                                                     **STIPULATION EXTENDING
                        TIME TO ANSWER
                          COMPLAINT**

PERMOBIL, INC., and MAX MOBILITY, LLC,
UNITED SEATING AND MOBILITY d/b/a
NUMOTION, INC,


       Defendants

- - - - - - - - - - - - - - - - - - - - - - - x

       IT IS HEREBY STIPULATED AND AGREED, that the time for the Defendants,

Permobil, Inc. and Max Mobility, LLC, to Answer the Complaint herein, or address any motion

thereto, is hereby extended to and including March 4, 2026.

DATED:   January 29, 2026
           White Plains, New York


*Heath A. Bender*
_____
Heath A. Bender, Esq.
Varvaro, Cotter, Bender & Walthall
Attorneys for Defendant
Permobil, Inc. and Max Mobility, LLC
1133 Westchester Avenue, Suite S-325
White Plains, New York 10604
(914) 989-6633

*Moses Ahn*
_____
Moses Ahn, Esq.
Morgan & Morgan NY, PLLC
Attorneys for Plaintiff
Nathan Broshears
199 Water Street, Suite 1500
New York, New York 10058
(201) 209-3425